## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| EDWIN GARCIA, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:20-cv-03168 |
| QUICKEN LOANS, INC. | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes EDWIN GARCIA ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of QUICKEN LOANS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.*, as well as for Invasion of Privacy ("IOP") and Trespass to Chattels ("TTC") for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4.  Plaintiff is a natural person over 18 years-of-age residing within the Northern District of Illinois.

5.  Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6.  Defendant is an online mortgage lender organized under the laws of the state of Michigan with its principal place of business located at 1050 Woodward Avenue, Detroit, Michigan. Defendant solicits consumers throughout the country to enroll in its mortgage lending services, including consumer in Illinois.

7.  Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third party contractors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9.  On November 26, 2019, Plaintiff registered his cellular phone number with the National Do Not Call Registry.

10. On December 8, 2019, Plaintiff consistently began receiving calls and text messages from Defendant to his cellular phone, (708) XXX-9999.

11. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -9999. Plaintiff is and has always been financially responsible for the cellular phone and its services.

12. Defendant has used several phone numbers when placing calls and text messages to Plaintiff's cellular phone, including but not limited to: (708) 926-3494, (708) 926-3495, and (800) 879-5133.

2

13. Upon information and belief, the aforementioned phone numbers are regularly utilized by Defendant to make outgoing calls to consumers it is soliciting for business.

14. During answered calls, Plaintiff has been subjected to pre-recorded message before being connected to a live representative.

15. Furthermore, in the calls Plaintiff has not answered, Defendant has left Plaintiff a pre-recorded voicemail message.

16. Plaintiff was unaware of Defendant's purpose in contacting his cellular phone, as Plaintiff never signed up to receive calls from Defendant.

17. Upon listening to the pre-recorded prompt, Plaintiff discovered that Defendant was trying to solicit Plaintiff to apply for a loan.

18. Plaintiff was not interested in Defendant's services, so he demanded that Defendant stop calling and texting his cellular phone, and has also replied, "STOP" to Defendant's text messages.

19. Despite Plaintiff's demands, Defendant has continued to regularly call and text Plaintiff's cellular phone.

20. Defendant has also called Plaintiff's cellular phone multiple times during the same day.

21. For example, on December 8, 2019, December 21, 2019, December 22, 2010, and January 21, 2020, Defendant called Plaintiff four (4) times on each day.

22. Not only did Defendant lack consent to contact Plaintiff in the first place, but Defendant has also called and texted Plaintiff's cellular phone at least 48 times since Plaintiff demanded that it stop calling him.

23. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding his rights resulting in costs and exhausting time.

24. Plaintiff has been unfairly harassed by Defendant's actions.

25. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies solicitation telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

26.  Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27.  The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") *or* pre-recorded messages without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

28.  Defendant violated the TCPA by communicating with Plaintiff at least 48 times using either pre-recorded voice messages or automated text messages.  Plaintiff never signed up for Defendant's services, nor was he interested in the same.  Accordingly, upon information and belief, the system employed by Defendant to place the text messages to Plaintiff's cellular phone has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

29. Plaintiff also notified Defendant to stop contacting him, but in spite of these multiple efforts, Defendant continued to contact Plaintiff using pre-recorded messages, in violation of the TPCA.  Any consent that Plaintiff *may* have given to Defendant was specifically revoked by Plaintiff's demands that it cease contacting him.

30. The calls placed by Defendant to Plaintiff were regarding solicitation activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

31.  Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, EDWIN GARCIA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c.  Awarding Plaintiff costs and reasonable attorney fees;

d.  Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt; and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II-INVASION OF PRIVACY-INTRUSION UPON SECLUSION

32. Plaintiff restates and realleges paragraphs 1 through 31 as though fully set forth herein.

33. Defendant, through its barrage of phone calls and text messages, has repeatedly and intentionally invaded Plaintiff's privacy.

34. Defendant's persistent and unwanted autodialed phone calls to Plaintiff's cellular phone eliminated Plaintiff's right to privacy.

35. Moreover, Defendant's behavior in continuously contacting Plaintiff by phone at different times throughout the day, was highly intrusive and invasive.

36. Defendant's unsolicited phone harassment campaign severely disrupted Plaintiff's privacy, disrupted Plaintiff's overall focus, and continually frustrated and annoyed Plaintiff to the point where Plaintiff was denied the ability to quietly enjoy his life, instead having it upended by Defendant's harassing phone call campaign.

37. These persistent collection calls eliminated the peace and solitude that Plaintiff would have otherwise had in Plaintiff's home and/or any other location in which Plaintiff would have normally brought his cellular phone.

38. By continuing to call and text Plaintiff in an attempt to solicit business, Defendant gave Plaintiff no reasonable escape from its incessant calls.

39. As detailed above, by persistently autodialing Plaintiff's cellular phone, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

40. Defendant's relentless efforts and tactic of repeatedly auto dialing Plaintiff's cellular phone after he requested that these calls cease is highly offensive to a reasonable person.

41. Defendant intentionally and willfully intruded upon Plaintiff's solitude and seclusion by placing over 48 unconsented phone calls and text messages to Plaintiff's cellular phone in a short period of time.

WHEREFORE, Plaintiff, EDWIN GARCIA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff reasonable attorney's fees and costs;

e.   Enjoining Defendant from contacting Plaintiff; and

f.   Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III-TRESPASS TO CHATTELS

42. Plaintiff restates and realleges paragraphs 1 through 41 as though fully set forth herein.

43. Trespass to Chattels is defined as the intentional interference with the possession, or physical condition of a chattel in the possession of another, without justification. Prosser, Torts, 64 (2d ed.).

44. "The harm recognized by the ancient common law claim of trespass to chattels — the intentional dispossession of chattel, or the use of or interference with a chattel that is in the possession of another, is a close analog for a TCPA violation." *Mey v. Got Warranty, Inc.,* 193 F.Supp.3d 641, 647 (N.D. W. Va. 2016).

45. Courts have applied this tort theory to unwanted telephone calls and text messages. *See Czech v. Wall St. on Demand,* 674 F.Supp.2d 1102, 1122 (D.Minn. 2009) and *Amos Financial, L.L.C. v. H&B&T Corp.,* 48 Misc.3d 1205(A), 2015 WL 3953325, at *8 (N.Y.Sup. Ct. June 29, 2015).

46. "Even if the consumer does not answer the call or hear the ring tone, the mere invasion of the consumer's electronic device can be considered a trespass to chattels, just as "plac[ing a] foot on another's property" is trespass." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1551 (2016) (Thomas, J., concurring).

47. Defendant interfered with Plaintiff's ability to use his cellular phone while it was in his possession.

48. Defendant barraged Plaintiff with over 48 phone calls and text messages after he made demands that the calls and text messages stop, including multiple phone calls on the same day,

leaving him unable to use or possess his cellular phone in the manner in which he wanted to during such time.

49. Defendant knew or should have known that its phone calls and text messages were not consented to, as Plaintiff stated that Defendant must cease contacting him.

50. Defendant caused damage to Plaintiff's cellular phone, including, but not limited to, the wear and tear caused to his cellular phone, the loss of battery charge, and the loss of battery life.

51. Plaintiff also suffered damages in the form of stress, anxiety, and emotional distress, from Defendant's continuous interference with his possession of his cellular phone.

WHEREFORE, Plaintiff, EDWIN GARCIA, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Enter judgment in favor of Plaintiff and against Defendant;

b.  Award Plaintiff actual damages in an amount to be determined at trial;

c.  Award Plaintiff punitive damages in an amount to be determined at trial;

d.  Enjoining Defendant from contacting Plaintiff;

e.  Award any other relief this Honorable Court deems equitable and just.

Dated: May 29, 2020                                 Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)        s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103            Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*                              *Counsel for Plaintiff*
Admitted in the Northern District of Illinois   Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                        Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200         2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                          Lombard, Illinois 60148
(630) 568-3056 (phone)                          (630) 581-5858 (phone)
(630) 575-8188 (fax)                             (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                     thatz@sulaimanlaw.com